IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TOMMY EARL HARRELL, #1017089 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv211 |
| D. MOONEYHAM, ET AL. | § | |

ORDER OF DISMISSAL

      Plaintiff Tommy Earl Harrell, a prisoner confined in the Texas prison system, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 about a prison disciplinary proceeding. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the lawsuit should be dismissed as frivolous and for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915A(b)(1). The Plaintiff has filed objections.

      The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections by the Plaintiff are without merit.

      The Plaintiff complained that he was falsely disciplined for participating in a riot. His punishment consisted of nothing more than the temporary loss of commissary and recreation privileges, along with cell restrictions, and to remain at Line Class 3. It is axiomatic that the

punishment imposed in a prison disciplinary case must involve a protected liberty interest in order for a prisoner to potentially obtain relief in federal court, and the punishment the Plaintiff received was not sufficient to trigger the protection of the Constitution. *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). The Plaintiff's complaint in his objections that prison disciplinary rules were not followed do not, standing alone, provide a basis for relief in federal court; instead, he must show that his constitutional rights were violated, which he failed to do. *See Black v. Warren*, 134 F.3d 732 (5th Cir. 1998); *Thomas v. Perry*, 35 Fed. Appx. 386 (5th Cir. 2002). The Report and Recommendation also correctly concluded that the civil rights lawsuit would have to be dismissed even if the punishment imposed implicated a protected liberty interest because the Plaintiff failed to show that the disciplinary case had been overturned or vacated, such as in prison grievance procedures or in federal habeas corpus proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Bridges v. Lee*, 124 Fed. Appx. 225, 226 (5th Cir. 2005). Indeed, the Plaintiff filed a petition for a writ of habeas corpus in this Court challenging the disciplinary case in *Harrell v. Director*, Civil Action No. 6:06cv94. On March 31, 2006, prior to the filing of the present lawsuit, a Report and Recommendation was issued in that case to dismiss the petition. The Report and Recommendation clearly explained that the Plaintiff must have a protected liberty interest in order to obtain relief in federal court and that the punishment imposed did not involve a protected liberty interest. The Plaintiff then proceeded to file the present frivolous civil rights lawsuit. The filing of the present lawsuit constitutes an abuse of court. The Plaintiff is placed on notice that the dismissal of the lawsuit counts as a strike for purposes of 28 U.S.C. § 1915(g). In light of the foregoing, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  All motions by either party not previously ruled on are hereby denied.

**SIGNED this 19th day of June, 2006.**

    _____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE